FILED

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (SBN 157582)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-6607
    Facsimile: (213) 894-0115
    Email: Robert.Conte@usdoj.gov

2014 JAN 21  PM 3:43

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

United States of America,

    Petitioner,

    vs.

Royce Gracie and Marianne Cuttic,

    Respondents.

Case No. CV14-475 PSG (PLAx)

Petition to Enforce Internal Revenue
Service Summonses; Memorandum of
Points and Authorities; Declaration

[Exhibits redacted to exclude Personal
Identifiers pursuant to Local Rule 79-
5.4]

PETITION TO ENFORCE SUMMONSES

Petitioner states:

    1.    This proceeding to judicially enforce Internal Revenue Service ("IRS")
administrative summonses is brought pursuant to 26 U.S.C. §§ 7402(b) and
7604(a).  The IRS has properly served Respondents, husband and wife, with
identical summonses seeking information about their foreign bank and foreign
investment activities.  The summonses called for Respondents to appear before
an officer of the IRS on December 31, 2012.   Respondents did not appear on that

1

1  date, and except as set forth herein, have failed to produce the requested
2  documents and to appear and give testimony.

3      2.      Respondents ("taxpayers") reside in the federal judicial district of the
4  Central District of California.

5      3.      The Internal Revenue Service ("IRS") is, and at all relevant times was,
6  conducting an investigation regarding the federal tax liabilities and foreign bank
7  activities of the taxpayers for the tax years described in the summonses, 2008
8  through 2011.  True and correct copies of the summonses (redacted to exclude
9  Personal Identifiers pursuant to Local Rule 79-5.4) are attached as **Exhibit 1** the
10 attached Declaration of IRS Agent Gloria Ybarra.

11     4.      In connection with this investigation, the summonses were issued
12 and served in accordance with the law on Respondents in the manner described
13 in the Certificates of Service attached to the summonses.

14     5.      The summonses seek all documents in the possession or control of
15 Respondents related to their foreign bank and foreign investment activity for the
16 tax years 2007 through 2011, including but not limited to foreign bank records.
17 The summonses indicate that the information will be used by the IRS for, among
18 other things, to inquire into any offense connected with the internal revenue laws
19 by Respondents.  IRS Agent Ybarra states in her declaration that she is conducting
20 an investigation into the tax liabilities and foreign bank activities of Respondents.
21 The testimony and documents requested in the summonses are necessary to
22 complete the IRS's investigation.

23     6.      Other than the limited foreign bank records previously obtained by
24 the IRS, according to IRS Agent Ybarra, the books and records sought by the
25 summonses are not already in the possession of the IRS.  According to Agent
26 Ybarra, it is necessary to examine all the records in the possession or control of
27 the taxpayers to evaluate, among other things, their liability for civil penalties.

28

7. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summonses have been taken.

8. The testimony and the books and records sought by the summonses are necessary in order to properly pursue and complete the IRS's investigation.

9. No recommendation for criminal prosecution of the taxpayers has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayers.

WHEREFORE, Petitioner requests that the Court enforce the IRS administrative summonses as follows:

A. Order Respondents to appear and show cause before this Court why Respondents should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summonses;

B. Order Respondents to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to give testimony and to produce the books, records, papers, and other data as specified in the summonses; and

C. Grant the Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

Dated: 1/21/14

ROBERT F. CONTE
Assistant United States Attorney
Attorneys for the United States of America

3

## MEMORANDUM OF POINTS AND AUTHORITIES

26 U.S.C. § 7602(a) grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized —
>
> (1)   To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2)   To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3)   To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

See also Crystal v. United States, 172 F.3d 1141, 1143–44 (9th Cir. 1999).

26 U.S.C. §§ 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance with the IRS summonses. See also United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement

1   is only by federal court authority in 'an adversary proceeding' affording the

2   opportunity for challenge and 'complete protection to the witness.'"

3   <u>United States v. Church of Scientology of California</u>, 520 F.2d 818, 821 (9th Cir.

4   1975) (*quoting* <u>Donaldson v. United States</u>, 400 U.S. 517, 525, 91 S. Ct. 534, 539,

5   27 L. Ed. 2d 459 (1971)).

6          Because the enforcement of an IRS summons invokes the process of the

7   court, the court may not enforce a summons if it would constitute an abuse of

8   process.  <u>United States v. Powell</u>, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d

9   112 (1964).  Such an abuse would occur if the summons was issued for an

10  improper purpose, such as, for example, to harass the taxpayer. <u>Id.</u>, 379 U.S. at

11  58; <u>United States v. Stuart</u>, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d

12  388 (1989).  Accordingly, to obtain enforcement of an IRS summons, the

13  government is required to make a *prima facie* case for enforcement of the

14  summons.  <u>Crystal</u>, 172 F.3d at 1143-44; <u>Gilleran</u>, 992 F.2d at 233.

15         In order to establish a *prima facie* case for enforcement of an IRS summons,

16  the government need only make a "minimal" showing that (1) the investigation

17  will be conducted pursuant to a legitimate purpose; (2) the inquiry may be

18  relevant to the purpose; (3) the information sought is not already within the IRS's

19  possession; and (4) that the administrative steps required by the Internal Revenue

20  Code have been followed.  <u>Crystal</u>, 172 F.3d at 1143–44 (*citing* <u>Powell</u>, 379 U.S. at

21  57–58).  The government's "burden is minimal 'because the statute must be read

22  broadly in order to ensure that the enforcement powers of the IRS are not unduly

23  restricted.'"  <u>Crystal</u>, 172 F.3d at 1144 (*quoting* <u>Liberty Financial Services v. United

24  States</u>, 778 F.2d 1390, 1392 (9th Cir. 1985)).  Once the government has made its

25  *prima facie* case, the summoned party bears the "heavy" burden to "disprove the

26  actual existence of a valid civil tax determination or collection purpose by the

27  Service[.]" <u>Crystal</u>, 172 F.3d at 1144.

28

1   Normally, the government makes the "good faith" showing of materiality

2   and relevancy required by <u>Powell</u> in the petition to enforce the summons and the

3   accompanying declaration of the issuing IRS agent. *See* <u>Crystal</u>, 172 F.3d at 1144

4   (*quoting* <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993)).

5   As to the required showing of relevance, the Supreme Court stated in

6   <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79

7   L. Ed. 2d 826 (1984):

8   As the language of § 7602 clearly indicates an IRS summons is not to

9   be judged by the relevance standards used in deciding whether to admit

10   evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be"

11   reflects Congress' express intention to allow the IRS to obtain items of even

12   <u>potential</u> relevance to an ongoing investigation without reference to its

13   admissibility. The purpose of Congress is obvious: the Service can hardly be

14   expected to know whether such data will in fact be relevant until it is

15   procured and scrutinized. As a tool of discovery, the § 7602 summons is

16   critical to the investigation and enforcement functions of the IRS, *see*

17   <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964); the Service therefore

18   should not be required to establish that the documents it seeks are actually

19   relevant in any technical, evidentiary sense.

20   Emphasis in original. All that needs to be shown is that the summoned

21   documents might shed light on the tax liabilities under examination. *See* <u>United</u>

22   <u>States v. Ryan</u>, 455 F.2d 728, 733 (9th Cir. 1972).

23   Even if the IRS has obtained some documents called for in the summons

24   from third-parties, it is entitled to inquire as to the documents in the possession

25   or control of the taxpayer in order to complete its investigation. *See* <u>Sugerloaf</u>

26   <u>Funding v. U.S. Dept. Treasury</u>, 584 F.3d 340, 350 (1st Cir. 2009); <u>Sterling Trading v.</u>

27   <u>U.S.</u>, 553 F.Supp.2d 1152, 1160 (C.D.Cal. 2008). Such an inquiry may be for the

28   legitimate purpose of comparing documents from a variety of sources to verify

1    the consistency and accuracy of their content. *See* U.S. v. Chen, ___ F.Supp.2d

2    ___, 2013 WL 3353749 (D.Mass 2013)(court enforces summons seeking foreign

3    bank records even though IRS was in possession of some records).  Such an

4    inquiry may also be for the legitimate purpose of evaluating the taxpayer's

5    culpability for civil tax penalties. *See* Bradford v. C.I.R., 796 F.2d 303, 307-08 (9th

6    Cir. 1986)(failure to keep adequate books and records can support imposition of

7    civil tax penalties).

8           Although a taxpayer may claim a Fifth Amendment privilege against self-

9    incrimination in response to a summons, the privilege does not extend to the

10   production of records required to be kept under federal law. *See* 31 C.F.R. §

11   1010.420; In Re M.H., 648 F.3d 1067 (9th Cir. 2011).  The records sought in

12   paragraphs 1 through 6 of the summonses at issue in this case are covered by the

13   required records exception to the Fifth Amendment privilege.

14          "Once the Government has established its *prima facie* case, the district

15   court issues an order requiring the party on whom the summons has been served

16   to show cause, at an enforcement hearing, why compliance with the summons

17   should not be required." United States v. Samuels, Kramer and Co., 712 F.2d

18   1342, 1345 (9th Cir. 1983).  The burden of proof is shifted to the person

19   challenging the summons to "refute the Government's Powell showing of good

20   faith to oppose successfully the enforcement of an IRS summons." Id. at 1346;

21   *see also* Crystal, 172 F.3d at 1144.  "The taxpayer may challenge and attempt to

22   rebut the *prima facie* case of good faith the government has established or

23   attempt to show that enforcement of the summons would otherwise constitute

24   an abuse of process." Gilleran, 992 F.2d at 233; *see also* Crystal, 172 F.2d at 1144.

25   "The taxpayer, however, carries a heavy burden of convincing the district court to

26   deny enforcement." Stuckey, 646 F.2d at 1372; *accord* Crystal, 172 F.3d at 1144.

27          "'[S]ummons enforcement proceedings should be summary in nature and

28   discovery should be limited.'" United States v. Derr, 968 F.2d 943, 945 (9th Cir.

7

1  1992) (*quoting* Stuart, 489 U.S. at 369); see also, Church of Scientology, 520 F.2d

2  at 821.[1]  "'The taxpayer must allege specific facts and evidence to support his

3  allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (*quoting*

4  United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)); Liberty Financial

5  Services, 778 F.2d at 1392.  A party opposing the summons must be able to come

6  forward with at least "a minimal amount of evidence just to entitle him or her to

7  an evidentiary hearing." Stuckey, 646 F.2d at 1372.  In this circuit, the Court may

8  allow limited discovery "only if the taxpayer can make a substantial preliminary

9  showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374.

10        In Donaldson, 400 U.S. at 528–29, the Supreme Court noted that Rule

11  81(a)(3) of the Federal Rules of Civil Procedure allows this Court to limit the

12  application of the federal rules in summons enforcement proceedings.  In keeping

13  with the summary nature of these proceedings, the show cause order is an

14  appropriate tool to place the burden of proof on the summoned party after the

15  government's *prima facie* case has been made.

16        If no substantial challenge to the validity of the summons is made in a

17  sworn affidavit or declaration alleging specific facts, the matter should be decided

18  on the pleadings before the district court with no further proceedings, the

19  summons should be enforced, and the IRS should be allowed to obtain the

___

20  [1] The Fifth Circuit has discussed the procedure to be followed in summons
21  enforcement proceedings:

22        To ascertain whether there is any basis for questioning the
   summons, the traditional show cause order is an effective and
23   appropriate procedural tool.  Indeed, it harmonizes procedure
   with the substantive principle that puts the burden on the
   summoned party "of showing an abuse of the court's process."
24   Powell, (note 17, supra).  In no way does its use extinguish the
   adversary proceeding which the decisions call for.  Rather it is a
25   principal means by which the enforcing Court can determine
   whether there is anything to "hear" and if so to give proper scope
26   and direction to an orderly, but expeditious, adjudication of the
27   points in controversy.

28  United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

1  summoned testimony, books, papers, records, and other data. *See, e.g.*, Liberty
2  Financial Services, 778 F.2d at 1392–93 (IRS affidavit was not controverted).
3         "Enforcement of a summons is generally a summary proceeding to which a
4  taxpayer has few defenses." Derr, 968 F.2d at 945; *accord* Crystal, 172 F.3d at
5  1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the
6  IRS has issued the summons for proper purpose and in good faith, and ... the
7  district court is strictly limited to enforcing or denying IRS summonses." Jose,
8  131 F.3d at 1328–29.

Conclusion

10        The filing of the petition to enforce the IRS summonses and the declaration
11  of the issuing IRS agent establishes the government's *prima facie* case for
12  enforcement of the summonses.  As attested to in the declaration of IRS Agent
13  Ybarra, the IRS is conducting an investigation to determine the tax liabilities of the
14  taxpayers and to determine the full extent of their foreign bank and foreign
15  investment activities for the tax periods identified in the summonses; the
16  information sought by the summonses may be relevant to that purpose; except as
17  set forth in Agent Ybarra's declaration, the IRS does not already have possession
18  of the information sought, and seeks all records in the possession or control of
19  the taxpayers; and the administrative steps required by the Internal Revenue
20  Code for issuance and service of the summonses were followed.  The Court
21  should now issue an order directing Respondents to show cause why the IRS
22  summonses should not be enforced.
23        ///
24        ///

1         If Respondents fail to respond to or rebut the government's *prima facie*

2   case for enforcement, then the Court should later issue an order enforcing the IRS

3   summonses and compelling Respondents to appear before an authorized

4   representative of the IRS at a time and place to be determined by the IRS, and

5   give testimony and produce the books, records, papers, and other data for

6   examination and copying as required by the Internal Revenue Service

7   summonses.

8

9                            Respectfully Submitted,

10                           ANDRÉ BIROTTE JR.

                            United States Attorney

11                           SANDRA R. BROWN

12                           Assistant United States Attorney

13                           Chief, Tax Division

14

15  Dated: 1/21/14               /S/ RC

16                           ROBERT F. CONTE

                            Assistant United States Attorney

17                           Attorneys for the United States of America

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF GLORIA M. YBARRA

Gloria M. Ybarra declares:

    1.    I am a duly commissioned Revenue Agent, employed in the Internal Revenue Service, in El Monte, California. My current position is Team Manager of an IRS Revenue Agent Group.

    2.    In my capacity as a Revenue Agent, I am conducting an investigation into the tax liabilities of Royce Gracie and his wife, Marianne Cuttic, (referred to herein to as "the taxpayers") for the years 2008 through 2011. I was assigned this investigation to examine potential international tax issues relating to the taxpayers' federal income tax returns, and other issues. Though my current position is Team Manager, I am still associated with and working the case. Prior to my involvement with the case, another Revenue Agent was examining the taxpayers' 2008 tax year and had proposed tax adjustment for that year. Before the 2008 domestic examination was closed, the case was transferred to me.

    3.    To date, my investigation has revealed that during the years 2008 - 2011: 1) the taxpayers had signature authority over an foreign bank account at HSBC bank in Switzerland; 2) the taxpayers had signature authority over a foreign bank account at Caixa Penedes bank in Spain; 3) the taxpayers had a foreign bank account at First Gulf Bank in Abu Dhabi; and, 4) the taxpayers did not disclose the full extent of their foreign bank account activities on their U.S. tax returns (Forms 1040) as required by law.

    4.    In furtherance of my investigation and in accordance with I.R.C. § 7602, on December 19, 2012, I issued identical Internal Revenue Service summonses to each of the taxpayers seeking information and foreign bank records relating to their foreign bank activities for years 2007 through 2011. The summonses required the taxpayers to appear on December 31, 2012 for the purpose of giving testimony and producing for examination the documents as

1

1  described in the summonses. The deadline for responding to the summonses was
2  later extended to January 31, 2013 by agreement of the parties. The summonses
3  are attached hereto as Exhibit 1.
4      5.    In accordance with I.R.C. § 7603, on December 19, 2012, I served
5  attested copies of the above-described Internal Revenue Service summonses to
6  the taxpayers by leaving copies at their residence at XXXX _____ Place, Palos
7  Verdes, CA 90274 (the taxpayers' last and usual place of abode), as evidenced by
8  the Service of Summons certificate on page two of the summonses.
9      6.    I had previously served the taxpayers with three other summonses
10  that covered various topics and were for various tax years. Some foreign bank
11  statements from Caixa Penedes bank in Spain have been produced by the
12  taxpayers and the IRS is not seeking enforced compliance with respect to those
13  records previously produced. I am still seeking statements for the 2007 tax year.
14      7.    On February 1, 2013, the taxpayers' attorney sent a letter listing their
15  objections to complying with the summonses. No documents were included with
16  this letter. Among the objections set forth in the letter was a claim that the 2008
17  year was barred because the IRS had closed its 2008 domestic audit. The
18  taxpayers' also raised a Fifth Amendment privilege against self-incrimination.
19      8.    The taxpayers did not appear or provide records in response to
20  December 19, 2012 summonses.
21      9.    With the exception of certain Caixa Penedes records obtained from
22  the taxpayers, and documents independently obtained by the IRS from Federal
23  Reserve Bank (FEDwire), Clearing House Payments Co. (CHIPS), and a limited
24  number of copies of wire transfers and cancelled checks - the foreign bank
25  account related books, records, or other documents sought by the summonses
26  are not already in the possession of the Internal Revenue Service.
27      10.    All administrative steps required by the Internal Revenue Code for
28  issuance of a summons have been taken.

2

NOV-25-2013  16:45        IRS LN ROOM 1670              9493895062        P.03

1    11.    As of the date that the summonses were issued and served, and as of
2  the date I signed this declaration, there was no Department of Justice referral, as
3  defined by I.R.C. § 7602(c), with respect to the taxpayers.

4    12.    It is necessary to examine the books, records or other documents
5  sought by the summonses in order to investigate properly the taxpayers' federal
6  tax liabilities for the years at issue, as well as their liability for penalties for failure
7  to file foreign information returns with respect to their foreign account activity.

8    13.    All documents sought are relevant to the investigation.

9    14.    I have determined that during the years 2007 - 2011 over $3M was
10  wired from foreign banks accounts into U.S. bank accounts on behalf of the
11  taxpayers.  These funds were used to pay for, among other things, renovations to
12  their vacation property in Mammoth Lakes, California, and personal credit card
13  debts.

14    15.    In 2008, approximately $350,000 was wired from offshore accounts
15  towards the purchase of the taxpayers' residence in Palos Verdes, California.  In
16  2010, the taxpayers purchased real estate in California.  $497,972 was wired from
17  an offshore account to make that purchase.

18    16.    For the years 2008 – 2011, the taxpayers have filed federal individual
19  tax returns showing minimal taxable income.  They claimed a $4000 child tax
20  credit in each of the years under investigation.  They claimed an earned income
21  credit (EIC) in 2009 and 2010.

22    17.    On September 26, 2012, the taxpayers appeared before me to
23  answer questions regarding, among other things, the 2010 real estate purchase.
24  On advice of counsel, they did not answer my questions, claiming a Fifth
25  Amendment privilege against self-incrimination.

26        ///
27        ///
28

11/25/2013  7:41PM (GMT-05:00)

1        18.   Federal law requires that the taxpayers keep, maintain, and make

2   available for inspection records relating to their foreign bank account activity.  It is

3   my understanding that courts have held that these required records may not be

4   subject to the Fifth Amendment privilege.  By this summons enforcement action,

5   the government seeks to obtain these required records relating to the taxpayers'

6   foreign bank activity.

7

8        I declare under penalty of perjury that the foregoing is true and correct.

9

10       Executed this $\cancel{}^{th}$ day of _Nov_ , 2013.

11

12             _Gloria M. Ybarra_

13             Gloria M. Ybarra

             Revenue Agent

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# Summons

In the matter of  Royce Gracie and Marianne Cuttic

Internal Revenue Service (Division): Large Business and International Division
Industry/Area (name or number): International Individual Compliance, Team 1552
Periods: December 31, 2008; December 31, 2009; December 31, 2010; and December 31, 2011

## The Commissioner of Internal Revenue

To: Royce Gracie

At: ▓▓▓▓▓ Place, Palos Verdes, CA 80274

You are hereby summoned and required to appear before  Gloria M. Ybarra, Internal Revenue Agent, ID# 1000535674
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers,
and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the
administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Refer to attachment

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original
and that it is a true and correct copy of the original.

*Gloria M. Ybarra*
Signature of IRS officer serving the summons

*Internal Revenue Agent*
Title

Business address and telephone number of IRS officer before whom you are to appear:
9350 Flair Drive, El Monte, CA 91731 626-312-5059 x 3081

Place and time for appearance at 9350 Flair Drive., 3rd. Floor, El Monte, California 91765

| | |
|---|---|
| **IRS** Department of the Treasury Internal Revenue Service www.irs.gov Form 2039 (Rev. 10-2010) Catalog Number 21405J | on the ___31st___ day of ___December___ 2012 at __10:00__ o'clock A m. Issued under authority of the Internal Revenue Code this ___19th___ day of ___December___, 2012 Gloria Ybarra, Internal Revenue Agent *Signature of issuing officer* Jose Valdovinos Team Manager *Signature of approving officer (if applicable)* |

Internal Revenue Agent
Title

Team Manager
Title

Part A - to be given to person summoned



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| December 19, 2012 | 11:30 PM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address:  Royce Gracie
   2501 Novato Place, Palos Verdes, CA 90274

| Signature | Title |
|---|---|
| Gloria M. Ybarra | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

| Date of giving Notice: December 20, 2012 | Time: 10:00 A.M. |
|---|---|

Name of Noticee: Marianne Cuttier

Address of Noticee (if mailed): ▓▓▓▓▓▓ Place, Palos Verdes CA 90274

**How Notice Was Given**

☑ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any):

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| Gloria M. Ybarra | Internal Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form 2039 (Rev. 10-2010)

## ATTACHMENT TO SUMMONS/SUPEONA

In the matter of: Royce Gracie and Marianne Cuttic
Issued to: Royce Gracie
Address: ~~2████████████~~e, Palos Verdes, CA 90274
Periods: December 31, 2008; December 31, 2009; December 31, 2010;
and December 31, 2011

1. All monthly statements from HSBC Private Bank (Suisse) SA Geneva located at 2 ~~Quai General Guisan, Geneva under any name over which you had signature~~ authority or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations for this account.

2. All monthly statements from First Gulf Bank located at Sh. Zayed 2nd St., Abu Dhabi, United Arab Emirates under any name over which you had signature authority or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations for this account.

3. All monthly bank statements from Caixa Penedes located at 2-4 Rambla Nostra Senyora, Vilalfranca Del Penedes, Espana under any name over which you had signature authority or other authority [1] or over which you exercised control, either directly or through nominees, agents, power of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2007 and January 1, 2009 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorization for this account.

4. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at HSBC Private Bank (Suisse) SA Geneva located at 2 Quai General Guisan, Geneva over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through

---

[1] **Signature or Other Authority Over an Account:** A person has signature authority over an account if such person can control the disposition of money or other property in it by delivery of a document containing his or her signature (or his or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained. Other authority exists in a person who can exercise comparable power over an account by direct communication to the bank or other person with whom the account is maintained, either orally or by some other means.

## ATTACHMENT TO SUMMONS/SUPEONA

December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

5. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at First Gulf Bank located at Sh. Zayed 2nd St., Abu Dhabi, United Arab Emirates over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

6. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at Caixa Penedes located at 2-4 Rambla Nostra Senyora, Vilalfranca Del Penedes, Espana over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time

7. For any transfers of funds from January 1, 2007 through December 31, 2011 between all bank or financial accounts domestic or foreign over which you have signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, please provide the following:

   a) All such transfers.
   b) If you wrote a check from one account that was then deposited into another account provide a copy (front & back) of the cancelled check.
   c) If you wired the money from one account on which you had authority to another account for which you had authority, provide the wire transfer authorization including a copy of the bank statement of the account from which the money was transferred and the statement of the account to which the money was deposited showing this transaction.
   d) If you deposited cash then provide a bank statement from the account that this cash was withdrawn from, and the statement of the account it was deposited to.
   e) Copies of any advice, correspondence or other direction you may have communicated regarding the withdrawal and/or deposit.

## ATTACHMENT TO SUMMONS/SUBPOENA

8. From January 1, 2007 through December 31, 2011 if you paid any foreign or domestic entity or individual:

   a)  Management fees
   b)  Consulting fees
   c)  Research and Development fees
   d)  Insurance Premiums
   e)  Legal Fees
   f)  Brokerage Fees
   g)  Royalties
   h)  Lease or Rental Fees
   i)  Loan Fees
   j)  Interest
   k)  Salaries or Wages

   Provide documentation showing proof of payment. In addition, provide copies of all contracts, agreements, invoices and correspondence concerning the negotiation of the contracting of and the payment of these fees.

9. Provide the name, address and telephone number of each private banker, broker, investment or other financial advisor, advisor on privacy matters, lawyer, and accountant from who you received advice or services from January 1, 2007 to December 31, 2011.



# Summons

In the matter of Royce Gracie and Marianne Cuttic

Internal Revenue Service (Division): Large Business and International Division

Industry/Area (name or number): International Individual Compliance, Team 1552

Periods: December 31, 2008; December 31, 2009; December 31, 2010; and December 31, 2011

## The Commissioner of Internal Revenue

To: Marianne Cuttic

At: _____ Place, Palos Verdes, CA 90274

You are hereby summoned and required to appear before Gloria M. Ybarra, Internal Revenue Agent, ID# 1000635674 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

Refer to attachment

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_Gloria M. Ybarra_                          _Internal Revenue Agent_
Signature of IRS officer serving the summons                    Title

Business address and telephone number of IRS officer before whom you are to appear:

9350 Flair Drive, El Monte, CA 91731 626-312-5059 x 3081

Place and time for appearance at 9350 Flair Drive, 3rd. Floor, El Monte, California 91765

**IRS**

| | |
|---|---|
| | on the 31st day of December 2012 at 10:00 o'clock A m. |
| | (year) |
| Department of the Treasury Internal Revenue Service | Issued under authority of the Internal Revenue Code this 19th day of December 2012 |
| | (year) |
| | Gloria Ybarra, Internal Revenue Agent |
| www.irs.gov | Signature of issuing officer          Internal Revenue Agent |
| | Jose Valdovinos Team Manager          Title |
| Form 2039 (Rev. 10-2010) | Team Manager |
| Catalog Number 21405J | Signature of approving officer (if applicable)          Title |

Part A - to be given to person summoned



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| December 19, 2012 | 11:30 AM |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☑ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Marianne Cuttic
   2501 Novato Place, Palos Verdes, CA 90274

| Signature | Title |
|-----------|-------|
| Gloria M. Ybarra | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: December 20, 2012      Time: 10:00 AM

Name of Noticee: Royce Gracie

Address of Noticee (if mailed): ▆▆▆▆▆▆ Place, Palos Verdes, CA 90274

**How Notice Was Given**

☑ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| Gloria M. Ybarra | Internal Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|  |  |

Form 2039 (Rev. 10-2010)

## ATTACHMENT TO SUMMONS/SUPEONA

In the matter of: Royce Gracie and Marianne Cuttic
    Issued to: Marianne Cuttic
    Address: �altered Place, Palos Verdes, CA 90274
    Periods: December 31, 2008; December 31, 2009; December 31, 2010; and December 31, 2011

1. All monthly statements from HSBC Private Bank (Suisse) SA Geneva located at 2 Quai General Guisan, Geneva under any name over which you had signature authority or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations for this account.

2. All monthly statements from First Gulf Bank located at Sh. Zayed 2nd St., Abu Dhabi, United Arab Emirates under any name over which you had signature authority or other authority[1] or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorizations for this account.

3. All monthly bank statements from Caixa Penedes located at 2-4 Rambla Nostra Senyora, Vilalfranca Del Penedes, Espana under any name over which you had signature authority or other authority[1] or over which you exercised control, either directly or through nominees, agents, power of attorney, letters of direction, or any device whatsoever from January 1, 2007 through December 31, 2007 and January 1, 2009 through December 31, 2011. In addition, provide duplicate deposit slips and/or verifications of the origin of all deposited items for all deposits; copies of all debit and credit memos; copies of all wire transfer authorization for this account.

4. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at HSBC Private Bank (Suisse) SA Geneva located at 2 Quai General Guisan, Geneva over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through

---

[1] **Signature or Other Authority Over an Account:** A person has signature authority over an account if such person can control the disposition of money or other property in it by delivery of a document containing his or her signature (or his or her signature and that of one or more other persons) to the bank or other person with whom the account is maintained. Other authority exists in a person who can exercise comparable power over an account by direct communication to the bank or other person with whom the account is maintained, either orally or by some other means.

## ATTACHMENT TO SUMMONS/SUPEONA

December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

5. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at First Gulf Bank located at Sh. Zayed 2nd St., Abu Dhabi, United Arab Emirates over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time.

6. All statements of Certificates of Deposits for all Certificates of Deposit, Time Deposit, or equivalent accounts at Caixa Penedes located at 2-4 Rambla Nostra Senyora, Vilalfranca Del Penedes, Espana over which you had signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time from January 1, 2007 through December 31, 2011. In addition, provide verification of the origin of all funds used to open these accounts or deposited to these accounts at any time

7. For any transfers of funds from January 1, 2007 through December 31, 2011 between all bank or financial accounts domestic or foreign over which you have signature authority or other authority[1], or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, please provide the following:

   a) All such transfers.
   b) If you wrote a check from one account that was then deposited into another account provide a copy (front & back) of the cancelled check.
   c) If you wired the money from one account on which you had authority to another account for which you had authority, provide the wire transfer authorization including a copy of the bank statement of the account from which the money was transferred and the statement of the account to which the money was deposited showing this transaction.
   d) If you deposited cash then provide a bank statement from the account that this cash was withdrawn from, and the statement of the account it was deposited to.
   e) Copies of any advice, correspondence or other direction you may have communicated regarding the withdrawal and/or deposit.

## ATTACHMENT TO SUMMONS/SUPEONA

8. From January 1, 2007 through December 31, 2011 if you paid any foreign or domestic entity or individual:

   a) Management fees
   b) Consulting fees
   c) Research and Development fees
   d) Insurance Premiums
   e) Legal Fees
   f) Brokerage Fees
   g) Royalties
   h) Lease or Rental Fees
   i) Loan Fes
   j) Interest
   k) Salaries or Wages

   Provide documentation showing proof of payment. In addition, provide copies of all contracts, agreements, invoices and correspondence concerning the negotiation of the contracting of and the payment of these fees.

9. Provide the name, address and telephone number of each private banker, broker, investment or other financial advisor, advisor on privacy matters, lawyer, and accountant from who you received advice or services from January 1, 2007 to December 31, 2011.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Philip S. Gutierrez _____ and the assigned Magistrate Judge is _____ Paul L. Abrams _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-475-PSG(PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 21, 2014
_____

Date

By  C. Sawyer
_____

Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| UNITED STATES OF AMERICA | ROYCE GRACIE AND MARIANNE CUTTIC |

| (b) County of Residence of First Listed Plaintiff   LOS ANGELES | County of Residence of First Listed Defendant   LOS ANGELES |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| U.S. ATTORNEY'S OFFICE, ATTN: ROBERT F. CONTE, AUSA<br>300 N. LOS ANGELES STREET, ROOM 7211<br>LOS ANGELES, CA 90012<br>TEL: (213) 894-6607, FAX: (213) 894-0115 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. §§ 7402(b) AND 7604(a) - IRS SUMMONS ENFORCEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | ▶ CV14-475 | |
|---|---|---|---|

CV-71 (11/13)    CIVIL COVER SHEET

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☒ Yes   ☐ No | ☒ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

IX(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**                      DATE: 01/21/2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |